JOSEPH GRUDA, INDIVIDUALLY AND AS ADMINISTRATOR AD PROSEQUENDUM OF BRUNO GRUDA, PLAINTIFF-APPELLANT, v. PAUL KARBOWSKI AND FRANK KARBOWSKI, DEFENDANTS-APPELLEES.

Submitted October 14, 1927—Decided January 18, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the defendants-appellees, *Paul W. Ewing.*

For the plaintiff-appellant, *John P. Lloyd.*

PER CURIAM.

This case arises out of an automobile accident; the defendants are father and son. At the trial the court directed a verdict in favor of the father and submitted the liability of the son to the jury, who found for the defendant. The facts are substantially as follows: The father owned a new sedan, and the son, aged about eighteen, took out a driver's license and acted as driver for his father. The latter wished to be taken to some place to get supper and his son took him there and then asked whether he could go for a ride in the car, and his father said yes, but to get back in time to take him home; whereupon the son left with the car for his ride. He seems to have had some arrangement with several young friends to go with him, but there is little or no

evidence to show that the deceased was any party to that arrangement, and the jury were entirely justified in saying that he was not. The son having reached a place of rendezvous, blew the horn, his friends appeared, and with them appeared the plaintiff's intestate, young Gruda, who got into the car as one of the party, although, so far as the testimony shows, he was not invited to do so, and not a word was said. The party then started for a drive and on the return the car was upset and young Gruda was pinned under the car and killed.

We think the judge properly held that there was nothing to charge the father on the principle of *respondeat superior*. The case is not like *Patterson* v. *Calandriello,* 4 *N. J. Mis. R.* 989, where the father's instructions were susceptible of a double interpretation; in the present case, the evidence shows beyond peradventure that the father merely gave permission to the son to use the car for his own purposes.

As to the verdict in favor of the son, the judge put the case to the jury on the pure question of fact whether young Gruda had been invited to go on this ride or was a mere licensee. The judge said, and properly, that if he was a mere licensee, the younger Karbowski could be held only for willful injury, and there was nothing in the case to indicate any intent to do any willful injury. In view of the charge, the jury must have come to the conclusion that Gruda had jumped in of his own accord, or, perhaps, had been invited by one of Karbowski's guests who had no authority to invite him and was, consequently, a licensee. This theory of the case is entirely tenable on the testimony, and, consequently, the rule should be discharged.